UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE SERRATO, Individually and On Behalf of All Others Similarly Situated, §§§§§ Plaintiff, §§ v. §§ ENERMEX INTERNATIONAL, INC., ENERMEX RENTALS & SERVICE LLC and EDGAR H. PADILLA §§§§§ Defendants. | No._____ <br><br> JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Jose Serrato referred to as ("Plaintiff" or "Serrato") bringing this collective action and lawsuit on behalf of himself and all others similarly situated employees to recover unpaid regular and overtime wages from Defendants Enermex International, Inc., Enermex Rentals & Service LLC and Edgar H. Padilla (referred collectively as "Defendants" or "Enermex"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1. Serrato's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the

FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Enermex violated the FLSA by employing Serrato and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Enermex violated the FLSA by failing to maintain accurate time and pay records for Serrato and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Serrato brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Enermex resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Serrato's claims occurred in the Houston Division of the Southern District of Texas.

### III. The Parties

8. Serrato is an individual who resides in Harris County, Texas and who was employed by Enermex during the last three years.

9. Enermex International, Inc. is a Texas corporation that may be served with process by serving its registered agent, Jorge Salas, at 8100 Washington Ave, Suite 1000, Houston, Texas 77007. Alternatively, if the registered agent of Enermex International, Inc. cannot with reasonable diligence be found at the company's registered office, Enermex International, Inc. may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

10. Enermex Rentals & Services LLC is a Texas limited liability corporation that may be served with process by serving its registered agent, Edgar Padilla, at 12543 Robert E Lee Rd, Houston, Texas 77044. Alternatively, if the registered agent of Enermex Rentals & Services LLC cannot with reasonable diligence be found at the company's registered office, Enermex Rentals & Services LLC may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

11. Defendant Edgar H. Padilla is an individual who may be served with process at 12543 Robert E Lee Rd, Houston, Texas 77044. Defendant Edgar H. Padilla, individually may also be served with process pursuant to TEX. CIV. PRAC. & REM. CODE § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

12. Enermex is an enterprise engaged in commerce because the two companies that compromise the enterprise (i.e. Enermex International, Inc., Enermex Rentals & Services LLC. and Edgar H. Padilla) perform related activities through unified operation or common control for a common business purpose. Specifically, Enermex International, Inc., Enermex Rentals & Services LLC. and Edgar H. Padilla is a technology driven fabrication solutions provider for the oil and gas industry, have similar names, used the same or substantially the same employment manuals and/or policies, and collectively advertise as a single business unit on LinkedIn.  In other words, the two companies and Edgar H. Padilla are not completely disassociated with one another or with respect to Serrato's employment and are under common control.  They are, therefore, a covered enterprise for purposes of the FLSA. *See*, 29 U.S.C. §§ 203(r), 203(s), 206(a), 207(a); 29 C.F.R. §§ 779.200 – 779.269.

13. Whenever it is alleged that Enermex committed any act or omission, it is meant that company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Enermex or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

### IV.  Facts

11. Enermex "is a technology driven fabrication solutions provider for the oil and gas industry.  Enermex serves across a vast array of industries including all segments

of the oil and gas industry including operators, service companies and contractors in the upstream, midstream and downstream market segments."

12. Enermex employed Serrato as a sandblaster from approximately January 2015 through February 8, 2018.

13. During Serrato's employment with Enermex, he was engaged in commerce or the production of goods for commerce.

14. During Serrato's employment with Enermex, the company was an enterprise engaged in commerce because it (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

15. Enermex paid Serrato's on an hourly basis.

16. During Serrato's employment with Enermex, he regularly worked in excess of forty hours per week.

17. Enermex knew or reasonably should have known that Serrato worked in excess of forty hours per week.

18. Enermex did not pay Serrato overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

19. Instead, Enermex pays sandblasters, including Serrato, at their normal hourly rate for hours worked in excess of forty (40) per workweek and/or it refused to pay them for all the hours worked.

20. Enermex knew or reasonably should have known that Serrato was not exempt from the overtime provisions of the FLSA.

21. Enermex failed to maintain accurate time and pay records for Serrato as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

22. Enermex knew or showed a reckless disregard for whether its pay practices violated the FLSA.

23. Enermex is liable to Serrato for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

24. All sandblasters, painters and welders employed by Enermex are similarly situated to Serrato because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Enermex pursuant to 29 U.S.C. § 216(b).

**V.  Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)**

25. Plaintiff adopts by reference all of the facts set forth above.

26. During Serrato's employment with Enermex, he was a nonexempt employee.

27. As a nonexempt employee, Enermex was legally obligated to pay Serrato "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek.  29 U.S.C. § 207(a)(1).

28. Enermex did not pay Serrato overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

29. Instead, Enermex pays sandblasters, including Serrato, at their normal hourly rate for hours worked in excess of forty (40) per workweek and/or it refused to pay them for all the hours worked.

30. If Enermex classified Serrato as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

31. Enermex knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Enermex willfully violated the overtime requirements of the FLSA.

## VI. Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

32. Plaintiff adopts by reference all of the facts set forth above.

33. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

34. In addition to the pay violations of the FLSA described above, Enermex also failed to keep proper time and pay records as required by the FLSA.

## VII. Count Three—Collective Action Allegations

35. Plaintiff adopts by reference all of the facts set forth above.

36. On information and belief, other employees have been victimized by Enermex's violations of the FLSA identified above.

37. These employees are similarly situated to Serrato because, during the relevant time period, they held similar positions, were compensated in a similar manner

and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

38. Enermex's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

39. Since, on information and belief, Serrato's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

40. All employees of Enermex, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All sandblasters, painters, welders and all other nonexempt individuals employed by Enermex during the last three years.

41. Enermex is liable to Serrato and other sandblasters, painters and welders for the difference between what it actually paid them and what it was legally obligated to pay them.

42. Because Enermex knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Serrato and the other sandblasters, painters and welders their unpaid overtime wages for at least the last three years.

43. Enermex is liable to Serrato and the other sandblasters, painters and welders in an amount equal to their unpaid overtime wages as liquidated damages.

44. Enermex is liable to Serrato and the other sandblasters, painters and welders for their reasonable attorneys' fees and costs.

45. Serrato has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Prayer

46. Serrato prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. an award to Serrato and all other sandblasters, painters and welders of all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. postjudgment interest at the applicable rate;

   d. Incentive awards for any class representative(s);

   e. all such other and further relief to which Serrato and all other sandblasters, painters and welders may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: *Melissa Moore* (signature)

Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Bridget Davidson
State Bar No. 24096858
Federal Bar No. 3001005
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**